**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAITLIN SCHLORFF, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| MIDWEST ORTHOPAEDIC ) | |
| CONSULTANTS, S.C. ) | JURY DEMAND ENDORSED HEREON |
| ) | |
| Defendant. | |

## COMPLAINT

Plaintiff, CAITLIN SCHLORFF, by her counsel, Kenneth C. Apicella of Drost, Gilbert, Andrew & Apicella, LLC, complaining of Defendant MIDWEST ORTHOPAEDIC CONSULTANTS, S.C. (hereinafter "MOC"), states:

1.  This case stems from Defendant's discrimination against Plaintiff in the terms of her employment in violation of the American with Disabilities Act, 42 U.S.C.A. § 1210, *et seq*., and Title VII of the Civil Rights Act of 1964.

## PARTIES

2.  Plaintiff, CAITLIN SCHLORFF, is an individual who is currently domiciled in Aurora, Illinois.

3.  Defendant, MOC, is an Illinois medical corporation doing business in the State of Illinois, domiciled in this district with its two offices located in Oak Lawn and Orland Park. MOC is an employer of in excess of twenty (20) employees.

## JURISDICTION AND VENUE

4. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. §1331.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that defendant employed Plaintiff in this judicial district, Defendant's principal place of business is located within this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## Count I – Violation of ADA

6. At all times herein there was a federal law commonly known as the ADA. 42 U.S.C.A. § 12101 et seq.

7. At all times herein, Title I of the ADA covered public and private employment.

8. At all times herein, Plaintiff was employed by MOC, an "employer" within the meaning of the ADA.

9. At all times relevant herein Caitlin, after March of 2017, was and is a "qualified person with a disability" within the meaning of the ADA.

10. Defendant was aware of Caitlin's disability.

11. Caitlin was able to perform the essential functions of his job with reasonable accommodations.

12. Defendant discriminated against Caitlin on the basis of her disability by:

a. wrongfully terminating her employment due to her disability; and

b. failing to engage in an interactive process with Caitlin to explore an appropriate reasonable accommodation; and

    c.    failing to consider whether there would be an alternative reasonable accommodation that would not pose an undue hardship.

13.    On Saturday, May 13, 2017, Caitlin notified several MOC employees that she was experiencing a medical issue.

14.    When Caitlin was released from the hospital on Sunday, May 14, 2017, she notified MOC that she sought the reasonable accommodation of a day off of work – Monday, May 15, 2017 - to more fully recover from her medical issue.

15.    While off on Monday, Caitlin was contacted by MOC and summoned to meet off-site the next morning for an impromptu performance evaluation.

16.    At that impromptu performance evaluation meeting, Caitlin was terminated by MOC on May 16, 2017.

17.    The pretextual reason for offered for Caitlin's termination was "poor performance."

18.    The earliest documentation in her personnel records referencing allegedly poor performance is an email exchanged between company officers on Monday, May 15, 2017 at 8:35 p.m., the night before MOC terminated Caitlin.

19.    The reasonable accommodation was one which did not create a significant risk to the health or safety of Caitlin, the Defendant's other employees or the public.

20.    As a result of the Defendant's unlawful discriminatory actions, Plaintiff has sustained severe and substantial damages and injuries including, but not limited to, lost earnings, lost health insurance benefits and emotional distress.

21.    Plaintiff properly filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act. *Attached hereto as Exhibit "A" and incorporated herein for reference, is a true and correct copy of Plaintiff's EEOC Charge of Discrimination.*

22. Plaintiff received a Notice of Right to Sue dated April 30, 2015, from the EEOC for her Charge of Discrimination. Plaintiff properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving her notice letter regarding same. *Attached hereto as Exhibit "B" and incorporated herein for reference, is a true and correct copy of Plaintiff's Notices of Right to Sue from the EEOC.*

WHEREFORE, for all the foregoing reasons, Plaintiff herein prays for judgment in her favor and against the Defendant herein as outlined within the ADA including:

a. lost wages and benefits, front pay, and compensatory damages;

b. prejudgment and post-judgment interest;

c. compensation for any medical and dental expenses she incurred since her termination;

d. the costs of this action and litigation expenses, including without limitation reasonable attorneys' and expert fees; and

e. such other and further relief as the Court may deem just and proper, including without limitation liquidated and/or punitive damages.

## Count II – Sex Discrimination

23. Beginning on or about September 12, 2016, CAITLIN SCHLORFF was employed by MOC as a Physician Assistant.

24. While Caitlin was employed at MOC, she was involved in a relationship with another employee, a male. The relationship did not violate any established rule or company policy.

25. The male employee was not terminated or subject to any discipline for his involvement in the relationship.

26. By contrast, the relationship was one of the reasons that led to Caitlin's termination. A supervising physician wrote a note on her evaluation form, stating "[Caitlin] seemed to act more as [the male employee's] assistant than [the physician's] assistant."

4

27. This was one of the pretextual "performance issues" that led to Caitlin's termination on May 16, 2017.

28. The company's differential treatment of the male employee and Caitlin demonstrate that it engaged in discrimination against her based upon her sex.

29. At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that was performing all of her job duties in a reasonable and acceptable manner that met and/or exceeded Defendant's legitimate expectations.

30. At all relevant times herein, Plaintiff was competent to perform, and was performing all of the essential functions of her position in a manner that met and/or exceeded Defendant's legitimate business expectations.

31. Plaintiff has suffered severe and egregious injury and damage as a direct and proximate result of Defendants unlawful conduct as alleged herein.

32. Plaintiff properly filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964. *Attached hereto as Exhibit "A" and incorporated herein for reference, is a true and correct copy of Plaintiff's EEOC Charge of Discrimination.*

33. Plaintiff received a Notice of Right to Sue dated April 30, 2015, from the EEOC for her Charge of Discrimination. Plaintiff properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving his notice letter regarding same. *Attached hereto as Exhibit "B" and incorporated herein for reference, is a true and correct copy of Plaintiff's Notices of Right to Sue from the EEOC.*

WHEREFORE, Plaintiff, CAITLIN SCHLORFF, demands judgment in her favor against Defendant, MIDWEST ORTHOPAEDIC CONSULTANTS, S.C., for:

a. lost wages and benefits, front pay, and compensatory damages;

    b.    prejudgment and post-judgment interest;

    c.    compensation for any medical and dental expenses she incurred since her termination;

    d.    the costs of this action and litigation expenses, including without limitation reasonable attorneys' and expert fees; and

    e.    such other and further relief as the Court may deem just and proper, including without limitation liquidated and/or punitive damages.

/s/Kenneth C. Apicella
Kenneth C. Apicella
DROST, GILBERT, ANDREW & APICELLA, LLC
800 E. Northwest Hwy., Suite 1090
Palatine, IL 60074
(847) 934-6000 (telephone)
(847) 934-6040 (facsimile)
KCA@dgaalaw.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff, CAITLIN SCHLORFF, hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

/s/Kenneth C. Apicella
Attorney for Plaintiff